USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/15/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH DUDELSON

- against -

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

03 Civ. 7734(JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the Report and Recommendation of Magistrate Judge Maas which recommends that the plaintiff be awarded $12,597.65 for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), rather than the $21,085.66 sought by the plaintiff. The plaintiff has filed objections to the Report and Recommendation to the extent it recommended that the reduced amount be awarded rather than the full amount sought. The court has therefore reviewed de novo each of the elements of the fee request as to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Rivera v. Barnhart, 423 F. Supp. 2d 271 (S.D.N.Y. 2006).

The plaintiff objected to the Magistrate Judge's conclusion that the paralegal rates should be capped at $75 per hour, even though the amount sought ranged from $75 per hour for hours spent in 2004 to $100 per hour spent in 2006. The hourly rates

sought for each of the years are within the range of reasonableness for paralegal fees and should not be reduced, even though they increased over time. See Gierlinger v. Cleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)); see also Anderson v. Sotheby's, No. 01-Cv-8180, 2006 WL 2637535 at *5 (S.D.N.Y. Sept. 11, 2006)(noting courts in this district have approved fees ranging from $75-115 per hour for paralegals and awarding $80 per hour); The Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., No. 04-Cv-5002, 2005 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005)(awarding fees of $108 an hour and referencing exhibit showing range of $105 to $150 for 80% of paralegals fees in New York law firms); Sulkowska v. City of New York, 170 F. Supp. 2d 359, 367 (S.D.N.Y. 2001)(awarding $95 an hour to an experienced paralegal).

The plaintiff objected to the Magistrate Judge's reduction in the paralegal hours for Euler Taylor by 50% because of the conclusion that this time was not entirely productive. The Magistrate Judge pointed in particular to the eighteen occasions on which Ms. Taylor billed for meetings with counsel and the numerous entries in which she prepared analyses. The plaintiff justifies these hours based on the fact that Ms. Taylor performed numerous tasks and the plaintiff also points out that,

while Ms. Taylor does not have a law degree, she performed many "attorney" tasks. However, the Magistrate Judge were plainly correct that the amount of hours was excessive and duplicative for this Social Security case. There were too many conferences with counsel and the total amount of hours, over 130 hours, would be excessive if treated as attorney hours for this Social Security case. See Grey v. Chater, No. 95-Cv-8847, 1997 WL 12806, at *1 (S.D.N.Y. Jan. 14, 1997)(reducing hours from 65.03 to thirty hours of work in a Social Security disability case where attorney was experienced and issues were not complex); Pribek v. Sec'y, Dept. of Health and Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citing forty hours as a reasonable amount of time spent on a Social Security disability case). Therefore, a reduction of 50% for these hours is a reasonable reduction. Applying the 50% discount to the total hours billed by Ms. Taylor at the rates sought which range from $75 to $100 per hour yields a total of $5,498.25 for Ms. Taylor's work.

The Magistrate Judge also reduced the number of hours for the attorneys by twenty-five percent because of the numerous charges for meetings of co-counsel. This was also a reasonable reduction. While it was reasonable to have more than one lawyer work on the case, the Government should not be required to pay for resulting inefficiencies rather than efficiencies. See,

e.g., Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The amount of reduction was reasonable. See Grey, 1997 WL 12806, at *1.

Therefore, the amount of the award should be $7,078.92 for attorney's fees, $5,498.25 for paralegal fees, and $238.10 for costs. The total award is therefore $12,815.27.

## CONCLUSION

The objections and the Report and Recommendation of Magistrate Judge Maas dated February 22, 2007 (Docket No. 35) are **sustained in part** and **overruled in part**. The plaintiff's motion for attorney's fees and costs (Docket No. 29) is **granted in part** in the total amount of $12,815.27.

**SO ORDERED.**

**Dated: New York, New York**
**October 11, 2007**

John G. Koeltl
United States District Judge